# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ARAMBULA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 1:19-CV-00480-AWI-SAB<br><br>**ORDER ON DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**<br><br>(Doc. No. 11) |

This is a tort action involving medical care that Plaintiff Gonzalo Arambula ("Plaintiff") originally filed in Fresno County Superior Court against Clinica Sierra Vista[1] and Alex Cervantes ("Cervantes"). The United States of America removed the action to this Court and substituted itself as the defendant. Currently before the Court is a motion by the United States to dismiss the action for lack of subject matter jurisdiction, in which the United States asserts that Plaintiff failed to satisfy the administrative claim requirement set forth in Section 2675(a) of the Federal Tort Claims Act ("FTCA"). For the reasons that follow, the motion will be granted.

## **BACKGROUND**

Plaintiff filed this action against Clinica Sierra Vista and Cervantes in the Fresno County Superior Court on November 6, 2018, seeking compensatory and punitive damages for negligence, "medical cruelty" and "hate crimes" in connection with unspecified medical care. Doc. No. 1-1. The Complaint was set forth on Form PLD-PI-001 of the Judicial Council of California. Id. Plaintiff checked Box 9 on Form PLD-PI-001, stating that he was required to comply with a

---
[1] Clinica Sierra Vista was erroneously referred to as "Sierra Vista Clinic" in the Complaint. Doc. No. 1.

1  claims statute, but did not check either Box 9.a., stating that he had complied with such statute, or
2  Box 9.b., stating that he was excused from doing so. Id.

### LEGAL FRAMEWORK

Federal Rule of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vacek, 447 F.3d at 1250. Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039; Savage, 343 F.3d at 1039 n.2. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011).

### DEFENDANT'S MOTION

The United States contends that, since Clinica Sierra Vista has been deemed an employee of the Public Health Service within the United States Department of Health and Human Services, tort actions against Clinica Sierra Vista and its employees arising from medical and related functions must be brought against the United States pursuant to the FTCA. ECF No. 11-1. Further, the United States contends that this Court lacks subject matter jurisdiction because Plaintiff did not submit an administrative tort claim to the Department of Health and Human Services prior to filing this lawsuit, as required by Section 2675(a) of the FTCA. Id. In support of its motion, the United

2

1  States has filed a declaration, executed by an attorney in the Office of the General Counsel for the
2  Department of Health and Human Services and corroborated by relevant documentation, stating,
3  *inter alia*, that: (i) Clinica Sierra Vista was deemed a Public Health Services employee by the
4  Department of Health and Human Services; (ii) Cervantes was an employee of Clinica Sierra Vista
5  at the time of the incidents giving rise to this suit; and (iii) the Department of Health and Human
6  Services has no record of an administrative tort claim filed by or on behalf of Plaintiff relating to
7  Clinica Sierra Vista and Cervantes. Doc. No. 11-2.

Plaintiff filed no opposition or response of any kind to the motion and has not otherwise sought to be heard in this action since filing the Complaint on November 6, 2018.

*Legal Standard*

Section 2675(a) of the FTCA sets forth an administrative exhaustion requirement that states, in relevant part, as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency ….

28 U.S.C. § 2675(a). "The requirement of an administrative claim is jurisdictional" and, thus, "must be strictly adhered to." Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000) (citations and internal quotations omitted). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993); Wilson v. Horton's Towing, 906 F.3d 773, 783 (9th Cir. 2018), cert. denied, 139 S. Ct. 1603 (2019) ("When a plaintiff fails to exhaust administrative remedies against the United States, as required by the FTCA, the proper route is dismissal.") (citing McNeil, 508 U.S. at 113).

*Discussion*

The United States has filed a sworn declaration stating that the Department of Health and Human Services has no record of an administrative tort claim relating to Clinica Sierra Vista and Cervantes filed by or on behalf of Plaintiff. Doc. No. 11-2. Plaintiff does not dispute the declaration. Indeed, Plaintiff alleges in the Complaint that a claims statute applies to this action,

3

but does not allege, even generally, that he complied with the claims statute or that compliance was somehow excused. Doc. No. 1-1.

Therefore, the only relevant facts before the Court indicate that Section 2675(a) of the FTCA has not been satisfied, and Plaintiff has failed to meet his burden to show that the Court has subject matter jurisdiction over his claims. <u>Meyer</u>, 373 F.3d at 1039. Dismissal is appropriate. <u>McNeil</u>, 508 U.S. at 113; <u>Brady</u>, 211 F.3d at 502; <u>Wilson</u>, 906 F.3d at 783.

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that the United States of America's motion to dismiss (Doc. No. 11) is GRANTED and the Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:  July 12, 2019

_____
SENIOR DISTRICT JUDGE